**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NYALEEZ TORRES,**<br>Plaintiff,<br>v.<br>**EVOLUTION PENNSYLVANIA, LLC,**<br>Defendant. | Case No. 26-7567<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES Plaintiff, Nyaleez Torres, by and through her attorney, Prabhu Narahari, Esq., of, Sanford DeRose Trial Lawyers, LLP and files this Complaint alleging as follows:

### Summary

1. Plaintiff brings this Complaint to recover damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 et seq. Plaintiff alleges that she was subjected to sex discrimination, sexual harassment and a hostile work environment, and retaliation, and that her employment was terminated because of her sex and/or in retaliation for complaining about unlawful sex-based harassment.

### Jurisdiction and Venue

2. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under Title VII, 42 U.S.C. § 2000e et seq.

3. This Court has supplemental jurisdiction over Plaintiff's related PHRA claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same nucleus of operative facts as Plaintiff's federal claims.

4. Plaintiff is a resident and citizen of Pennsylvania, and a substantial part of the events giving rise to the claims occurred in Eastern Pennsylvania. Therefore, this action is within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, and the venue is proper pursuant to 28 U.S.C. §1391(b).

## ADMINISTRATIVE EXHAUSTION

5. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission ("EEOC") regarding her allegations under Title VII on January 23, 2025, under charge number 530-2025-02994. *See Exhibit 1*.

6. Plaintiff was issued a Notice of Right to Sue from the EEOC on July 16, 2026. This Complaint has been filed within ninety (90) days of Plaintiff's receipt, making this action timely. *See Exhibit 2*.

## Parties

7. Plaintiff, Nyaleez Torres, is an adult individual with a primary residence located at 424 E. Church Lane, Philadelphia, Pa 19144.

8. Defendant, Evolution Pennsylvania, LLC is a limited liability company that employed Plaintiff at its Philadelphia, Pennsylvania location, including at 1500 Spring Garden Street, 4th Floor, Philadelphia, Pennsylvania 19130.

## Facts

9. Plaintiff began working for Defendant on November 7, 2024 as a receptionist earning $21.00 per hour.

10. On Plaintiff's first day of employment, Defendant placed her in an onboarding session.

11. During a break in the process, Plaintiff met and spoke with an information technology employee named Damien.

12. Damien asked Plaintiff whether she had children.

13. After Plaintiff responded that she did not, Damien asked Plaintiff why she did not have children.

14. Plaintiff responded that she still had time.

15. Damien then made a sexual and gender-based comment concerning Plaintiff's ovaries, stating, in substance, "no you don't. nobody wants old ass eggs."

16. Plaintiff was extremely upset and uncomfortable as a result of Damien's comment.

17. Plaintiff asked Catherine, an employee involved in her training/onboarding, to speak with Plaintiff's recruiter, Monica.

18. Catherine told Plaintiff that she would notify Monica that Plaintiff wanted to speak with her.

19. Approximately one hour later, Plaintiff again asked Catherine to speak with Monica.

20. Catherine asked Plaintiff why she wanted to speak with Monica.

21. Plaintiff stated that she was uncomfortable and would rather speak directly with Monica.

22. Catherine told Plaintiff, "You have to tell me because I'm HR."

23. Plaintiff then reported Damien's comments to Catherine and made clear that she did not want to make a formal report.

24. Thirty minutes later, Catherine removed Plaintiff from training to meet with Mike Gee, Defendant's head of Human Resources.

25. When Plaintiff entered the room, an incident report had already been placed on the desk for her to complete.

26. At Mike Gee's request, Plaintiff verbally explained what had occurred.

27. Mike Gee instructed Plaintiff to make a written report, and Plaintiff complied.

28. Despite Plaintiff's report, Mike Gee told Plaintiff that she would have to finish working with Damien that day in order to complete her training.

29. While Plaintiff was speaking with Timothy, an IT specialist, during training, Damien grabbed Plaintiff's arm and stated, "pay attention, woman."

30. Damien later told Plaintiff, "I can tell you have no boyfriend. I saw you get excited when you got touched by a man."

31. Plaintiff found Damien's physical contact and comments unwelcome, offensive, sexual, and gender-based.

32. Plaintiff’s supervisor, Lillia Saunder, was aware of the comments Damien had made.

33. Nevertheless, when Plaintiff needed assistance, Lillia Saunder continued assigning Plaintiff to Damien even when other IT employees were available.

34. On November 15, 2024, only eight days after Plaintiff began her employment and shortly after Plaintiff complained about Damien's conduct, Defendant terminated Plaintiff's employment for alleged "unprofessional language."

35. Plaintiff contends that the stated reason for her termination was pretextual and that her sex and/or her complaints about sex-based harassment were motivating factors in Defendant's decision to terminate her.

**COUNT I**
**Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

36. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

37. Plaintiff is a member of a protected class because she is a woman.

38. Plaintiff was qualified for her receptionist position and performed her assigned work satisfactorily.

39. From the beginning of Plaintiff's employment, Defendant subjected Plaintiff to sex-based treatment, including comments concerning her reproductive capacity, gender-based remarks, unwanted physical contact, and sexualized comments concerning her interactions with men.

40. Despite Plaintiff's complaints to Human Resources concerning Damien's sex-based conduct, Defendant required Plaintiff to continue working with Damien and continued assigning Plaintiff to him when other IT employees were available.

41. On November 15, 2024, only eight days after Plaintiff began her employment and shortly after she complained of Damien's conduct, Defendant terminated Plaintiff for alleged "unprofessional language."

42. Plaintiff's sex was a motivating factor in Defendant's treatment of Plaintiff and its decision to terminate her employment.

43. Defendant thereby violated Title VII.

44. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

**COUNT II**

**Sexual Harassment and Sex-Based Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964**

45. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

46. Plaintiff was subjected to unwelcome sex-based conduct, including comments concerning her ovaries and reproductive capacity, being grabbed by the arm while Damien stated "pay attention, woman," and Damien's subsequent comment that Plaintiff had no boyfriend and became excited when she was touched by a man.

47. The conduct was based on Plaintiff's sex and was sufficiently severe or pervasive, viewed cumulatively and in context, to alter the terms and conditions of her employment and create an abusive working environment.

48. The conduct detrimentally affected Plaintiff and would detrimentally affect a reasonable woman in her position.

49. Defendant had actual notice of Damien's conduct after Plaintiff reported it to Human Resources and completed an incident report at Defendant's direction.

50. Despite having actual notice, Defendant failed to take prompt and effective remedial action, required Plaintiff to continue working with Damien to complete her training, and subsequently continued assigning Plaintiff to Damien despite other IT employees being available.

51. Defendant is liable for its negligent and inadequate response to the harassment after receiving actual notice of the conduct.

52. Defendant thereby violated Title VII.

53. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

**COUNT III**
**Retaliation in Violation of Title VII of the Civil Rights Act of 1964**

54. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

55. Plaintiff engaged in protected activity when she complained to Defendant's Human Resources personnel regarding Damien's sex-based and sexual comments and conduct.

56. Defendant knew of Plaintiff's protected activity because Plaintiff reported Damien's conduct to Catherine and Mike Gee and completed a written incident report at Defendant's direction.

57. After Plaintiff complained, Defendant required her to continue working with Damien, continued assigning her to Damien when other IT employees were available, and terminated her employment on November 15, 2024.

58. Plaintiff's termination occurred only days after she complained to Defendant about Damien's conduct.

59. The close temporal proximity between Plaintiff's protected activity and termination, together with Defendant's continued assignment of Plaintiff to Damien after receiving her complaint, establishes a causal connection between Plaintiff's protected activity and the adverse employment action.

60. But for Plaintiff's protected activity, Defendant would not have subjected Plaintiff to the retaliatory treatment and termination described above.

61. Defendant thereby violated Title VII.

62. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under federal law to be free from discrimination.

**COUNT IV**
**Sex Discrimination in Violation of the Pennsylvania Human Relations Act**

63. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

64. Plaintiff is a member of a class protected by the PHRA because she is a woman.

65. Plaintiff was qualified for her receptionist position and performed her assigned work satisfactorily.

66. Defendant subjected Plaintiff to sex-based treatment, including comments concerning her reproductive capacity, gender-based remarks, unwanted physical contact, and sexualized comments concerning her interactions with men.

67. Despite Plaintiff's complaints concerning Damien's conduct, Defendant required Plaintiff to continue working with Damien and continued assigning Plaintiff to him when other IT employees were available.

68. Defendant subsequently terminated Plaintiff's employment on November 15, 2024, only eight days after she began working for Defendant.

69. Defendant subjected Plaintiff to these adverse terms and conditions of employment because of her sex.

70. Defendant thereby engaged in an unlawful discriminatory practice in violation of Section 5(a) of the PHRA, 43 P.S. § 955(a).

71. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state law to be free from discrimination.

**COUNT V**
**Sexual Harassment and Sex-Based Hostile Work Environment in Violation of the Pennsylvania Human Relations Act**

72. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

73. Plaintiff was subjected to unwelcome sex-based conduct, including comments concerning her ovaries and reproductive capacity, unwanted physical contact accompanied by the statement "pay attention, woman," and sexualized comments concerning Plaintiff's reaction to being touched by a man.

74. The conduct was based on Plaintiff's sex and was sufficiently severe or pervasive, viewed cumulatively and in context, to alter the terms and conditions of her employment and create an abusive working environment.

75. The conduct detrimentally affected Plaintiff and would detrimentally affect a reasonable woman in her position.

76. Defendant knew or should have known of the harassment after Plaintiff reported Damien's conduct to Human Resources and completed an incident report.

77. Defendant failed to take prompt and effective remedial action and instead required Plaintiff to continue working with Damien and continued assigning Plaintiff to him when other IT employees were available.

78. Defendant thereby engaged in an unlawful discriminatory practice in violation of Section 5(a) of the PHRA, 43 P.S. § 955(a).

79. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state law to be free from discrimination.

**COUNT VI**
**Retaliation in Violation of the Pennsylvania Human Relations Act**

80. The averments contained in the preceding paragraphs are incorporated herein as though set forth at length.

81. Plaintiff engaged in activity protected by the PHRA when she opposed and complained about Damien's sex-based and sexual comments and conduct.

82. Defendant knew of Plaintiff's protected activity because Plaintiff reported Damien's conduct to Human Resources and completed an incident report at Defendant's direction.

83. After and because of Plaintiff's protected activity, Defendant required Plaintiff to continue working with Damien, continued assigning Plaintiff to Damien when other IT employees were available, and terminated Plaintiff's employment on November 15, 2024.

84. The close temporal proximity between Plaintiff's complaint and termination, together with Defendant's response to her complaint, establishes a causal connection between Plaintiff's protected activity and Defendant's adverse actions.

85. Defendant thereby retaliated against Plaintiff in violation of Section 5(d) of the PHRA, 43 P.S. § 955(d).

86. The foregoing misconduct by Defendant was undertaken with malice and/or reckless indifference to Plaintiff's rights protected under state law to be free from discrimination.

WHEREFORE, Plaintiff hereby requests that this Honorable Court enter judgment in her favor, and against the Defendant, and award all damages available at law and in equity, including economic damages for back and front wages; compensatory damages for emotional distress; punitive damages as deemed appropriate by the court; reasonable attorney fees as determined by fee petition; pre-judgement and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Prabhu Narahari
Prabhu Narahari, Esq.
PA ID No. 323895
Sanford DeRose Trial Lawyers, LLP
810 Penn Avenue, Suite 200
Pittsburgh, Pa 15222
412-626-5588 (Direct)
pnarahari@usebulldog.com

**VERIFICATION**

I, Nyaleez Torres, swear under penalty of perjury under the laws of the United States of America that the facts alleged in the foregoing Complaint are true and correct to the best of my knowledge.

Nyaleez Torres
Nyaleez Torres (Sep 30, 2026 16:18:37 EDT)
Nyaleez Torres

# Torres Complaint

Final Audit Report 2026-09-30

| | |
|---|---|
| Created: | 2026-09-30 |
| By: | Grace Grace (ggrace@usebulldog.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAf99KeyOqHIE-rkOcH6cC7QDGWGuGXwS8 |

## "Torres Complaint" History

Document created by Grace Grace (ggrace@usebulldog.com)
2026-09-30 - 8:09:15 PM GMT

Document emailed to Nyaleez Torres (tnyaleez@gmail.com) for signature
2026-09-30 - 8:09:19 PM GMT

Email viewed by Nyaleez Torres (tnyaleez@gmail.com)
2026-09-30 - 8:17:06 PM GMT

Document e-signed by Nyaleez Torres (tnyaleez@gmail.com)
Signature Date: 2026-09-30 - 8:18:37 PM GMT - Time Source: server - Signature Appearance Selected: MOBILE_TYPE

Agreement completed.
2026-09-30 - 8:18:37 PM GMT